# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-11374

HOPE KNAUST,

United States Court of Appeals
Fifth Circuit

**FILED**

October 29, 2014

Lyle W. Cayce
Clerk

Plaintiff - Appellant

v.

CYNTHIA DIGESUALDO; DONOVAN FOX; DENISE SOFRANKO;
GREGORY PARHAM,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CV-1460

Before DAVIS, DeMOSS, and ELROD, Circuit Judges.

PER CURIAM:*

Appellant, Hope Knaust ("Knaust"), appeals the district court's order granting Appellees', Cynthia Digesualdo, Donavan Fox, Denise Sofranko, and Gregory Paraham (collectively referred to as "Defendants"), motion for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), dismissing Knaust's *Bivens* claim against the agents of the United States

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-11374

Department of Agriculture ("USDA") after Defendants seized most of Knaust's exotic animal livestock.

## I.

Knaust operates a USDA-licensed exotic animal business in Texas known as the "Lucky Monkey."  In February 2010, Inspector Donovan Fox, an agent with the USDA's Animal and Plant Health Inspection Service ("APHIS"), visited the business on a routine inspection and cited Knaust for violations of several USDA regulations.  Specifically, Inspector Fox cited Knaust for violations of the Animal Welfare Act ("AWA") as codified at 7 U.S.C. § 2131 *et seq.*[1]  Over the next several weeks, APHIS agents conducted further inspections and cited Knaust for additional violations.  On March 4, 2010, "USDA personnel" returned and produced a Notice of Intent to Confiscate Animals signed by APHIS Regional Director Denise Sofranko.  This document contained a list of necessary fixes in order to avoid confiscation.  The next day, March 5, 2010, "USDA personnel" confiscated almost all of Knaust's exotic animals.[2]

Knaust brought her claims against four employees of the USDA under *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).[3]  Knaust complains that the agents violated her Fifth Amendment Due Process rights by (1) seizing her property without providing a method for challenging the seizure and (2) not

---

[1] The AWA is a comprehensive regulatory scheme governing the interstate transportation, sale, and handling of certain animals.  The purpose of this Act is to insure the humane treatment of those animals. *See* 7 U.S.C. § 2131; *See also* 9 C.F.R. § 1 *et. seq.*

[2] As required for review of a Rule 12(b)(6) motion, we accept and state the facts as they are set forth in Knaust's complaint.

[3] Knaust initially filed suit against the USDA.  The district court dismissed this suit pursuant to Fed. R. Civ. P. 12(b)(1) because sovereign immunity barred suit against the USDA. This order was not appealed.  The district court allowed Knaust to amend her complaint and assert this *Bivens* action.

2

No. 13-11374

allowing sufficient time to cure the cited violations prior to seizing her property.  The district court granted Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6).  The court concluded that Knaust failed to state a cognizable *Bivens* action because her complaints were with the agency and not the agents.

## II.

In deciding a Rule 12(b)(6) motion, all well-pleaded facts must be taken as true and all inferences must be drawn in favor of the plaintiff.[4]  This court reviews de novo a district court's dismissal for failure to state a claim.[5]

## III.

Knaust contends on appeal that the district court erred in concluding that the *Bivens* claim was essentially against the agency and not the officers. Additionally, Knaust argues that the exotic animal confiscation was unconstitutional because she lacks an adequate post-deprivation remedy.[6]

Under Rule 12(b)(6), a claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[7]  "Under *Bivens* a person may sue a federal agent [in her individual capacity] for money damages when the federal

---

[4] *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citation and internal quotation marks omitted).

[5] *Id.*

[6] Knaust uses the phrase "unconstitutional taking" several times in her brief to this Court.  We do not address her argument under the Takings Clause, however, because she failed to raise this argument at the district court. *See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Disc. Ctr., Inc.,* 200 F.3d 307, 316-317 (5th Cir. 2000).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).

agent has allegedly violated that person's constitutional rights."[8] The purpose of the remedy "is to deter individual federal officers from committing constitutional violations."[9] "For a complaint alleging a recognized *Bivens* claim to survive a motion to dismiss, the plaintiff 'must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'"[10]

In charging the USDA with enforcement of the AWA, Congress explicitly allowed the Secretary of Agriculture to "promulgate . . . rules and regulations . . . to permit inspectors to confiscate or destroy in a humane manner any animal found to be suffering as a result of a failure to comply with any provision of [the AWA] or any regulation or standard issued thereunder . . . ."[11] The Secretary created an enforcement regulation allowing for the confiscation of animals by APHIS agents in 9 C.F.R. § 2.129; part (a) of the regulation states, in pertinent part:

> If an animal being held by a dealer, exhibitor, intermediate handler, or by a carrier is found by an APHIS official to be suffering as a result of the failure of the dealer, exhibitor, intermediate handler, or carrier to comply with any provision of the regulations or the standards set forth in this subchapter, the APHIS official shall make a reasonable effort to notify the dealer, exhibitor, intermediate handler, or carrier of the condition of the animal(s) and request that the condition be corrected and that adequate care be given to alleviate the animal's suffering or distress, or that the animal(s) be destroyed by euthanasia. In the event that the dealer, exhibitor, intermediate handler, or carrier refuses to comply with this request, the APHIS official may

---

[8] *Hernandez v. United States,* 757 F.3d 249, 272 (5th Cir. 2014) (internal quotation marks and citation omitted).

[9] *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001).

[10] *Air Sunshine, Inc. v. Carl*, 663 F.3d 27, 33 (1st Cir. 2011) (quoting *Iqbal*, 556 U.S. at 676).

[11] 7 U.S.C. § 2146.

confiscate the animal(s) for care, treatment, or disposal as indicated in paragraph (b) of this section, if, in the opinion of the Administrator, the circumstances indicate the animal's health is in danger.

Knaust does not claim that Defendants acted outside of the regulatory authority granted to them by the Secretary of Agriculture. Nor does Knaust allege with particularity facts describing how each individual government defendant, through his or her own actions, violated Knaust's Fifth Amendment Due Process rights. Instead, Knaust claims that the "USDA" and "USDA personnel" confiscated almost all of Knaust's exotic animals. Although the factual allegations describe the role the individual defendants played in the process leading up to the confiscation, Knaust's complaint lacks any facts claiming that Defendants had a role in the actual confiscation of her animals. Knaust simply states that "USDA personnel" confiscated her animals.

Moreover, Knaust fails to allege facts suggesting that Defendants had a role in not providing her with a remedy to challenge the confiscation. The Secretary of Agriculture and not the individual defendants are responsible for creating the remedial scheme.

Accordingly, the district court correctly held that Knaust "cannot avoid dismissal by recasting [her] claims against the agency as a *Bivens* action." Knaust's claims allege that the regulatory scheme Defendants are bound to follow is unconstitutional, not that any individual act by Defendants is unconstitutional. We are satisfied that Knaust has failed to state a cognizable *Bivens* action.

IV.

Because Knaust fails to assert factual allegations showing how each defendant, by his or her own individual acts, violated her constitutional rights,

the district court's judgment, dismissing Knaust's *Bivens* action, is AFFIRMED.